UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA

VERSUS

WILBERT SHELTON, JR.

CRIMINAL NO. 06-216-FJP-DLD
(09-CV-903-FJP-DLD)

### RULING ON THE DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE

The defendant has filed a motion to vacate, set aside or correct sentence. For reasons which follow, Wilbert Shelton's motion is denied in part and granted in part.

In his motion, Shelton claims that he received ineffective assistance of counsel because his counsel failed to: (1) properly advise him regarding the sufficiency of the evidence to support the charges filed against the defendant; (2) object to the Presentence Investigation Report regarding the total amount of drugs attributable to the defendant; and (3) object to a sentence that was above the statutory maximum for one of the counts of the indictment.

The defendant's first two contentions are without merit and must be denied. However, the defendant is correct that his counsel failed to object to a sentence above the statutory maximum on Count IV of the Indictment. Thus, the Court must resentence the defendant on Count IV of the Indictment because the Court sentenced

Doc#46763

the defendant to 121 months, the same sentence given on the other counts, when the maximum sentence on Count IV was 120 months.

On November 11, 2006, a federal grand jury returned an indictment charging the defendant with possession with intent to distribute five grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1) (Count I); possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1) (Count II); possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (Count III) and felon in possession of a firearm, in violation 18 U.S.C. § 922(g)(1) (Count IV). The defendant initially pled not guilty to the charges.

After the defendant filed a motion to suppress, the United States filed an information to establish a prior conviction. With the information for the prior drug felony, the defendant faced a minimum sentence of 10 years' imprisonment.

Thereafter, the defendant pled guilty to all of the charges. At the hearing, the United States read a proffer of the factual basis for the crimes into the record. At the close of the recitation of the factual basis at the rearraignment, the United States proffered the following: if the case were to proceed to trial, an expert in narcotics trafficking would testify that firearms are the tools of the trade for illegal narcotics traffickers; the close proximity of the firearms in the defendant's room indicated that the firearms were possessed by the defendant

for the purpose of protecting himself and his narcotics; this evidence established the gun facilitated the distribution of the narcotics; and the possession of firearms in such close proximity to cocaine would ensure that the narcotics were not stolen and thus were available for sale by the defendant. The prosecutor noted during the recitation of the proffer that the possession of the firearms facilitated the distribution of the narcotics and the defendant possessed the firearms in furtherance of the drug-trafficking crime of possession with intent to distribute. The record reveals that the defendant did not object to the proffer.

In the Presentence Report, the probation officer calculated the total amount of drug attributable to the defendant (converted to kilograms) as 14,345.23. This amount was based on the amount of drugs and currency found on the defendant's actual and constructive possession during his arrests in June and in November. The total amount included the amount the defendant trafficked in the year (one kilogram a week, for 52 kilograms), which was based on the conservative estimate provided voluntarily by the defendant after his June arrest and on corroborating information the government received from informants. The probation officer calculated the defendant's a base offense level to be 36 which the Court also adopted. In accordance with the plea agreement, the Court gave the defendant a three-level reduction for acceptance of responsibility,

thereby reducing the total offense level to 30 and a guideline range of 121 to 151 months. This defendant faced a minimum sentence of 10 years on Count I of the Indictment and a mandatory consecutive sentence of five years on Count III of the Indictment. The Court sentenced the defendant to 121 months on Counts I, II and IV, followed by a consecutive 60-month sentence on Count III, with a five-year term of supervised release. As noted earlier, the sentence on Count IV should have been limited to 120 months. Although this error by the Court has to be corrected, it does not affect the total sentence the defendant received since the defendant was properly sentenced to 121 months on Counts I and II. The Court will first discuss whether the defendant's counsel was ineffective in his representation of the defendant.

The Supreme Court in *Strickland v. Washington*,[1] set forth the test for determining whether counsel has rendered constitutionally ineffective assistance. Under *Strickland*, a defendant must show that (1) counsel's representation fell below an objective standard of reasonableness, and (2) that his deficient performance prejudiced the defense. Under the first prong, "[t]he proper measure of attorney performance [is] simply reasonableness under prevailing professional norms."[2] According to *Strickland*, "[j]udicial scrutiny of counsel's performance must be highly

---

[1] 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

[2] *Id.* at 688.

deferential," and a court "must indulge the strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."[3]  Accordingly, "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable."[4]

The record reveals that the defendant failed to prove that his counsel was ineffective in failing to advise the defendant regarding the sufficiency of the evidence on the charge of possession of a firearm during a drug trafficking crime.  In his motion, the defendant contends that his counsel was ineffective in failing to advise him that the United States lacked proper evidence to convict him on the charge of possession of a firearm in furtherance of a drug trafficking crime. He claims that the drugs which form the basis for Counts I and II of the Indictment were found in his possession, while the firearm was found in his residence. Because the firearm was not within his reach during the predicate crime, the defendant contends there was insufficient evidence to convict him.  The defendant's contention is without merit.

The Fifth Circuit has articulated eight factors that courts should consider in determining whether the possession of a firearm is "in furtherance" of a drug trafficking offense: "(1) the type of

---

[3] *Id.* at 689.

[4] *Id.* at 690.

drug activity being conducted; (2) the accessibility of the firearm; (3) the type of weapon; (4) whether the weapon is stolen; (5) whether the possession is lawful; (6) whether the gun is loaded; (7) the weapon's proximity to drugs or drug profits; and (8) the time and circumstances under which the gun is found."[5] In the instant case, the guns which were found in the defendant's house were in close proximity to cocaine located in the defendant's bedroom. It is clear the guns were fully loaded. The evidence also reveals that the defendant was engaging in the sale of drugs right outside of his residence. The guns were found in his room shortly after the officers observed a drug sale. It is also important to note that the defendant admitted possession of the guns and even told officers following his arrest that he would continue to deal drugs and would get another gun for his protection when he bonded out. This statement confirms the Court's finding that the defendant used the guns seized pursuant to the arrest for his protection during his drug trafficking activities. At the time the defendant possessed the guns, he was a convicted felon and therefore was prohibited from possessing the firearms.

At the arraignment, the Court found that the facts presented established the elements required to support the defendant's guilty pleas and there was a sufficient factual basis to support the

---

[5] U.S. v. Rose, 587 F.3d 695 (5th Cir. 2009) (citing *United States v. Charles*, 469 F.3d 402, 406 (5th Cir.2006)).

guilty pleas. Based on the Court's finding, the Court believes these same facts would have established the defendant's guilt had this case gone to trial. The plea colloquy demonstrated that the defendant understood the possession of firearm charge was "in connection with" the other charge. Considering the exhaustive colloquy the Court had with the defendant at the time he pled guilty, the Court also believes the defendant fully understood the elements of each offense including the use of a gun in connection with the distribution of drugs.

Thus, the Court finds defendant's counsel's performance was reasonable and the defendant has failed to establish prejudice. Therefore, defendant's claim of ineffective counsel must be dismissed insofar as it pertains to the use of a gun in connection with the sale of drugs.

The defendant also contends that his counsel was ineffective for failing to object to the calculation of the amount of drugs attributed to him in the PSR. The defendant argues that he should have been held liable only for the amount that was seized during the June and November arrests and not the 52 kilograms which the Court attributed to him.

The Court finds this contention is also without merit. Under USSG § 1B1.3, a court is required to consider relevant conduct in calculating the defendant's sentence. When calculating the defendant's base offense level under the guidelines, the court may

consider other offenses in addition to the acts underlying the offense of conviction, provided these acts were part of the same course of conduct or part of a common scheme or plan.[6]

When he was arrested, Shelton admitted to agents that he sold a kilogram or two a week. Other witnesses corroborated this information. Thus, the probation officer's inclusion and the Court's finding that 52 kilograms was part of the defendant's relevant conduct was thus proper under the facts of this case because the defendant's drug trafficking activities in the year before his arrest was part of the same course of conduct. Thus, any objection to the inclusion of this relevant conduct as part of the Court's calculation would have been without merit. Therefore, defendant's counsel was not ineffective in failing to raise this challenge.

The defendant contends that his counsel erred in not objecting to his sentence on Count IV of the Indictment. The Court finds that the defendant is correct on this issue. It is clear that defendant's sentence of on Count IV of 121 months was above the statutory maximum and thus was an illegal sentence.

The Court's sentence on Count IV was one month above the statutory maximum for the offense of ten years or 120 months and thus was an illegal sentence. Since the sentence on Count IV was

---

[6] Generally, the courts have used a period of a year as a benchmark for determining temporal proximity. See *United States v. Rhine*, 583 F.3d at 878 (5th Cir. 2009).

run concurrent to two other counts of the indictment for which the Court imposed a 121-month sentence was proper, the Court and all counsel failed to catch the error at the sentencing. Accordingly, the defendant's sentence on this matter should be corrected by this Court.

Therefore, the Court will reduce the sentence on Count IV to be 120 months which shall run concurrently to the sentence given on Counts I and II. In all other respects, the sentence originally imposed herein shall remain the same.

Except for the reduction of the defendant's sentence on Count IV from 121 months to 120 months, the defendant's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 shall be denied.

Judgment shall be entered accordingly.

Baton Rouge, Louisiana, this 26 day of May, 2010.

_____
FRANK J. POLOZOLA
MIDDLE DISTRICT OF LOUISIANA